**KALIEL PLLC**
Jeffrey D. Kaliel, Esq. (CA Bar No. 238293)
jkaliel@kalielpllc.com
Sophia Gold (CA Bar No. 307971)
sgold@kalielpllc.com
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
Telephone: 202-350-4783

*Attorneys for Plaintiff and the putative class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FOREMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT ONE BANK, N.A. <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** <br><br> **CLASS ACTION COMPLAINT** |

---

1

PLAINTIFF'S CLASS ACTION COMPLAINT

1. Plaintiff James Foreman ("Plaintiff"), through undersigned counsel, on behalf of himself and all persons similarly situated, alleges the following based on personal knowledge as to allegations regarding himself and on information and belief as to other allegations.

## INTRODUCTION

2. This is a civil action seeking monetary damages, restitution, declaratory and public injunctive relief from Defendant, Credit One, N.A. ("Credit One"), arising from its improperly disclosed and unlawful fees for "credit line increases" on credit card accounts.

3. Plaintiff Foreman responded to Credit One's offer to raise his credit limit on his Credit One credit card by $150, for a fee of $24.95. In other words, for the privilege of borrowing another $150 on his revolving credit account, Plaintiff paid a flat fee of $25, plus he paid interest on the newly borrowed money.

4. That "fee" was nothing more than a disguised charged for exorbitant, usurious interest exceeding 500%. The cost of this additional credit should have been expressed as what it was: interest, so that Plaintiff could have decided if he desired to pay usurious interest.

5. Had Plaintiff been informed that Credit One was offering the opportunity to borrow an extra $150 at an APR of 500% or more, he would not have taken that offer—nor would any reasonable consumer. That is why Credit One expressed its offer in the form of a flat fee.

6. Credit One's assessment and collection of the Credit Limit Increase Fee from its customers constitutes a charge for the use, forbearance, or detention of money—otherwise known as interest. And the rates of interest assessed are shocking and unconscionable, often exceeding 500%. Yet Credit One hides these massive interest charges from the general public, instead deceptively referring to its interest charges as "Credit Limit Increase Fees."

7. Credit One mis-names the interest charges because it knows reasonable consumers would not agree to pay the fee otherwise. Consumers are thus deceived by Credit One's false representations in its credit limit increase offers.

8. Plaintiff and other similarly situated consumers have been injured by Credit One's practices. On behalf of himself and the putative class, Plaintiff seeks damages and restitution for Credit One's violations of federal and California law.

9. Additionally, Plaintiff seeks an injunction on behalf of the general public to prevent Credit One from continuing to engage in its illegal and deceptive practices.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative Class members exceed $5 million, exclusive of interests and costs, and at least one of the members of the proposed class is a resident of a different state than Credit One.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Credit One is subject to personal jurisdiction here and regularly conducts business here, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred and continue to occur in this district.

## THE PARTIES

12. Plaintiff, James Foreman, is a resident of the state of California. Plaintiff has a credit card with Credit One.

13. Credit One Bank, N.A. is a national bank with headquarters in Las Vegas, Nevada.

## COMMON FACTUAL ALLEGATIONS

**A. Credit One's Credit Limit Increase Fees**

14. In January 2018, Credit One sent an email to Plaintiff stating:

You're Pre-Approved.

> Increase Your Credit Line to **$550**
>
> Dear James,
>
> Accept this offer to increase your **credit line to $550**, and your new credit line will be available immediately. This higher credit line is an increase of **$150** for only **$24.95**.
>
> Sign in to your account or call **1-855-238-8599** to accept your offer today. It's fast and easy to accept, and won't harm your credit score.

15. Plaintiff, not understanding that the "fee" was actually exorbitant interest in disguise, accepted the offer and paid the fee.

16. As alleged herein, this offer was deceptive and misleading because the "fee" was in fact exorbitant interest in disguise.

17. There is nothing in Credit One's written materials disclosing that this additional "fee" is, in reality, an interest charge on credit. Indeed, even though Credit One knows that interest rate comparisons are key for consumers to compare the cost of credit, Credit One continues to mischaracterize its interest charges as "Credit Limit Increase Fees."

18. Plaintiff would not have chosen to increase his credit line had he been informed that Credit One would charge exorbitant and punishing interest charges on its extension of credit.

19. Plaintiff's reliance was reasonable. A fundamental premise of our nation's consumer protection lending laws is that consumers must be able to compare the cost of money over time.

20. An interest rate or APR, more than any other disclosures, enable consumers to understand the cost of the credit and to comparison shop for credit. *Salvagne v. Fairfield Ford, Inc.*, 794 F.Supp.2d 826, 830 (S.D. Ohio 2010) (disclosures not meaningful if consumer cannot use disclosures to compare cost of credit among different products). An interest rate or APR, in short, allows consumer to compare the relative cost of money over time.

21. Credit One's marketing and disclosures intentionally prevented consumers from doing this.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

23. The proposed Classes are defined as:

> All Credit One customers residing in the United States who paid the Credit Limit Increase Fee, within the applicable statute of limitations preceding the filing of this action to the date of class certification, (the "National Class").

> All Credit One customers residing in California who paid the Credit Limit Increase Fee, within the applicable statute of limitations preceding the filing of this action to the date of class certification, (the "California Class").

> All consumers in California who, within the applicable statute of limitations, received a Credit Limit Increase Fee offer from Credit One (the "California Equitable Relief Class").

24. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

25. Excluded from the Class are Credit One, its parents, subsidiaries, affiliates, officers and directors, any entity in which Credit One has a controlling interest, all customers who make a timely election to be excluded, governmental entities and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

26. The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of members, the identity of whom is within the knowledge and can be ascertained only by resort to Credit One's records.

27. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all Class members, was deceived by Credit One's omissions and disclosures about the interest rates charges as a result of the credit limit increase fee. The representative Plaintiff, like all Class members, has been damaged by Credit One's misconduct in that he has been assessed and/or will continue to be assessed unlawful and deceptive charges. Furthermore, the factual basis of Credit One's misconduct is common to all Class members, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Class.

28. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members.

29. Among the questions of law and fact common to the Class are whether:

  a. The Credit Limit Increase Fee is actually interest;

  b. Credit One deceived consumers in describing its Credit Limit Increase Fee as a "fee" rather than interest;

  c. Credit One violated California consumer protection statutes;

  d. Whether Plaintiff and members of the Class have sustained damages as a result of Credit One's assessment of its Credit Limit Increase Fee.

  e. Plaintiff and the class are entitled to injunctive and declaratory relief.

30. Plaintiff's claims are typical of the claims of other Class members, in that they arise out of the same disclosures and misleading statements regarding the Credit Limit Increase Fee. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member.

31. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions.

Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Credit One, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Credit One's misconduct will proceed without remedy.

33. Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

## COUNT I
## Violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226 *et seq.*
## (On Behalf of the National Class)

34. Plaintiff incorporates by reference the preceding paragraphs.

35. The Truth in Lending Act requires lenders to provide accurate disclosures to consumer borrowers, including the Annual Percentage Rate for each transaction or loan. 12 C.F.R §§ 226.17-24.

36. The disclosure must be based on the actual legal obligation of the borrower, 12 C.F.R. §§ 226.5(c) & 226.17(c)(1), so the disclosure of a usurious rate that is

unenforceable under state law is inaccurate and violates the act. Separately, a disclosure of a rate that is not accurate, violates TILA and Regulation Z.

37. Credit One actively hid the exceptionally high APRs---exceeding 500%--attached to the credit limit increase fees.

38. Moreover, Credit One never allowed consumers to compare the cost of credit limit increases to other forms of credit.

39. Credit One never disclosed the true APRs to Plaintiff or members of the Class.

40. Under 15 U.S.C. § 1640, Plaintiff and members of the Class are entitled to an award of statutory damages along with actual damages.

41. Under 15 U.S.C. § 1640, Plaintiff and members of the Class are entitled to payment of attorney's fees and costs.

## COUNT II

**(Violation of California Unfair Competition Law
Business and Professions Code § 17200)
(On behalf of the California Class and California Equitable Relief Class)**

42. Defendant's conduct described herein violates the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code section 17200, *et seq*.

43. The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

44. By defining unfair competition to include any "any unlawful, unfair or fraudulent business act or practice," the UCL permits violations of other laws to be treated as unfair competition that is independently actionable, and sweeps within its scope acts and practices not specifically proscribed by any other law.

45. Defendant committed an unlawful business act or practice in violation of Cal. Bus. & Prof. Code § 17200, *et seq*., by violating TILA.

46. Defendant committed an unfair business act or practice in violation of Cal. Bus. & Prof Code § 17200, *et seq.*, when it misrepresented its Credit Limit Increase Fee, as described herein.

47. Defendant committed a fraudulent business act or practice in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, when it misrepresented its Credit Limit Increase Fee, as described herein. Such misrepresentations are likely to mislead accountholders and the public, who would not agree to the Credit Limit Increase Fee if they knew it was interest.

48. As a direct and proximate result of the foregoing unfair and deceptive practices, Plaintiff and Class members suffered and will continue to suffer actual damages.

49. As a result of its unfair and deceptive conduct, Defendant has been unjustly enriched and should be required to disgorge all unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

50. Accordingly, Plaintiff and the proposed California Class hereby demand relief for the amounts owed to them arising from Defendant's violations set forth herein.

51. Additionally, the California Equitable Relief Class hereby demands public injunctive relief and corresponding declaratory relief to prevent Credit One from continuing to engage in the misleading and deceptive marketing discussed herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

1. Declaring Credit One's Credit Limit Increase Fee policies and practices to be wrongful, unfair and unconscionable and providing appropriate injunctive relief;

2. Public injunctive relief to prevent Credit One from continuing its misleading and deceptive marketing in violation of California consumer protection laws;

3. Restitution of all credit limit increase fees paid to Credit One by Plaintiff and the Class, as a result of the wrongs alleged herein in an amount to be determined at trial;

4. Disgorgement of the ill-gotten gains derived by Credit One from its misconduct;

5. Actual damages in an amount according to proof;

6. Statutory damages under 15 U.S.C. § 1640 of at least twice the finance charges assessed on Plaintiff and each member of the Class;

7. Punitive and exemplary damages;

8. Pre-judgment interest at the maximum rate permitted by applicable law;

9. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorney's fees pursuant to applicable law; and

10. Such other relief as this Court deems just and proper.

**A TRIAL BY JURY IS HEREBY REQUESTED.**

Dated:  September 27,  2018             Respectfully submitted,

/s/ Jeffrey D. Kaliel
Jeffrey D. Kaliel (CA Bar No. 238293)
Sophia Goren Gold (CA Bar No. 307971)
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C.  20009
(202) 350-4783
jkaliel@kalielpllc.com

PLAINTIFF'S CLASS ACTION COMPLAINT

*sgold@kalielpllc.com*

Attorneys for Plaintiff
and the Putative Class

PLAINTIFF'S CLASS ACTION COMPLAINT