| | |
|---|---|
| 1 | JAMES R. MCGUIRE (CA SBN 189275) |
| | JMcGuire@mofo.com |
| 2 | CLAIRE C BONELLI  (CA SBN 317735) |
| | CBonelli@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, California  94105-2482 |
| | Telephone:    415.268.7000 |
| 5 | Facsimile:     415.268.7522 |

Attorneys for Defendant
CREDIT ONE BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FOREMAN, individually and on behalf of all others similarly situated, | Case No. 5:18-cv-05944-BLF |
| Plaintiff, | **DEFENDANT CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION** |
| v. | |
| CREDIT ONE BANK, N.A., | |
| Defendant. | Judge:  Hon. Beth Labson Freeman |
| | Hearing Date: February 28, 2019 |
| | Time:   9:00 a.m. |
| | Ctrm:   3 |
| | |
| | Date Action Filed:  September 27, 2018 |

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 28, 2019 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Defendant Credit One Bank, N.A. ("Credit One" or "Defendant") will, and hereby does, move the Court for an order to compel arbitration of Plaintiff James Foreman's claims and stay this action pending the completion of arbitration proceedings. This Motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and upon the grounds that Plaintiff agreed to arbitrate his claims when he consented to the arbitration provision in Credit One's cardholder agreement. This motion satisfies Credit One's obligation to respond to the Complaint at this stage. *See Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607-08 (10th Cir. 2011) holding that parties moving to compel arbitration need not file an answer or assert potential defenses because such a requirement would undercut the "right not to litigate"). Credit One reserves the right to file a Rule 12(b) motion at a later time. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) (holding that a prior motion to dismiss or stay based on grounds other than Rule 12 did not bar a later Rule 12(b) motion). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Gary Harwood and the exhibits attached thereto, all documents in the Court's file in this action, and such other written and oral argument as may be presented to the Court.

Dated: January 10, 2019

JAMES R. MCGUIRE
CLAIRE C. BONELLI
MORRISON & FOERSTER LLP


By:  /s/ *James McGuire*
　　　　JAMES R. MCGUIRE

Attorneys for Defendant
CREDIT ONE BANK, N.A.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1
II. FACTUAL BACKGROUND ................................................................................... 1
    A. Plaintiff Agreed to Arbitrate His Claims. ..................................................... 1
    B. Credit One's Arbitration Agreement is Consumer Friendly and Cost Effective. ........................................................................................................ 4
    C. The Arbitration Agreement Covers Plaintiff's Claims in the Current Action. ........................................................................................................... 4
III. LEGAL STANDARD .............................................................................................. 5
IV. ARGUMENT ............................................................................................................ 6
    A. Plaintiff Entered Into a Valid Agreement to Arbitrate. ................................. 6
    B. Plaintiff's Claims are Covered by the Arbitration Agreement. .................... 7
    C. The Arbitration Agreement is Not Unconscionable. .................................... 8
V. THE ACTION SHOULD BE STAYED PENDING THE COMPLETION OF INDIVIDUAL ARBITRATION. ............................................................................ 10
VI. CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ackerberg v. Citicorp USA, Inc.*,
    898 F. Supp. 2d 1172 (N.D. Cal. 2012) ...................................................................................5

*Allied-Bruce Terminix Cos. v. Dobson*,
    513 U.S. 265 (1995) .................................................................................................................5

*Am. Express Co. v. Italian Colors Rest.*,
    570 U.S. 228 (2013) .................................................................................................................6

*Amirhamzeh v. Wells Fargo Bank, N.A.*,
    No. 14-CV-02123-VC, 2014 WL 12610227 (N.D. Cal. Oct. 31, 2014) ...................................7

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) .................................................................................................................6

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986) .................................................................................................................7

*Augustine v. TLC Resorts Vacation Club, LLC*,
    No. 3:18-cv-01120-H-JMA, 2018 WL 3913923 (S.D. Cal. Aug. 16, 2018) .............................9

*Beattie v. Credit One Bank*,
    No. 5:15-CV-1315, 2016 WL 4203511 (N.D.N.Y. Aug. 9, 2016) ..........................................10

*Bellows v. Midland Credit Mgmt.*,
    No. 09CV1951-LAB, 2011 WL 1691323 (S.D. Cal. May 4, 2011) .........................................6

*Bibee v. Credit One Bank*,
    No. 3-15-0734, 2015 WL 5178700 (M.D. Tenn. Sept. 4, 2015) .............................................10

*Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*,
    514 P.2d 654 (Nev. 1973) ........................................................................................................9

*Boule v. Credit One Bank*,
    No. 15-cv-8562(RJS), 2016 WL 3015251 (S.D.N.Y. May 11, 2016) ....................................10

*Bridge v. Credit One Fin.*,
    No. 2:14-cv-1512-LDG-NJK, 2016 WL 1298712 (D. Nev. Mar. 31, 2016) ..........................10

*Carmack v. Chase Manhattan Bank (USA)*,
    521 F. Supp. 2d 1017 (N.D. Cal. 2007) ...................................................................................7

*Citizens Bank v. Alafabco, Inc.*,
    539 U.S. 52 (2003) ...................................................................................................................5

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Croucier v. Credit One Bank, N.A.*,
  No. 18cv20-MMA (JMA), 2018 WL 2836889 (S.D. Cal. June 11, 2018) .................................9

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) ............................................................................................................10

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) ..........................................................................................................6

*Foreman v. Bank of America*,
  No. 5:18-cv-01375-BLF (N.D. Cal. Mar. 2, 2018) ....................................................................1

*Garrett v. Credit One Bank*,
  No. 2:15-cv-08865-RSWL-PLA (C.D. Cal. Feb. 29, 2016), ECF No. 20 ...............................10

*Geier v. m-Qube Inc.*,
  824 F.3d 797 (9th Cir. 2016) (per curiam) ............................................................................6

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002) ................................................................................................................6

*Kilgore v. KeyBank, Nat'l Ass'n*,
  718 F.3d 1052 (9th Cir. 2013) ...............................................................................................5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985) ..............................................................................................................7

*Mortensen v. Bresnan Commc'ns LLC*,
  722 F.3d 1151 (9th Cir. 2013) ...............................................................................................6

*Rep. of Nicar. v. Standard Fruit Co.*,
  937 F.2d 469 (9th Cir. 1991) ...............................................................................................10

*Taylor v. Shutterfly, Inc.*,
  No. 18-cv-00266-BLF, 2018 WL 4334770 (N.D. Cal. Sept. 11, 2018)
  (Freeman, J.) .......................................................................................................................10

*U.S. Home Corp. v. Michael Ballesteros Tr.*,
  415 P.3d 32 (Nev. 2018) .......................................................................................................8

*Wright v. Sirius XM Radio, Inc.*,
  No. SACV 16-10688 JVX (JCGx), 2017 WL 4676580
  (C.D. Cal. June 1, 2017) .......................................................................................................6

*Youssofi v. Credit One Fin.*,
  No. 15-cv-01764-AJB-RBB (S.D. Cal. July 7, 2016), ECF No. 27 .......................................10

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Statutes & Regulations**

9 U.S.C.
 §§ 1-2 ...................................................................................................................................5
 §§ 1-16 .................................................................................................................................1

12 C.F.R.
 § 1026...................................................................................................................................1
 § 1026.6(b)(2)(i)...................................................................................................................1

**STATEMENT OF THE ISSUES TO BE DECIDED**

This motion raises the following issues:

1. Did Plaintiff enter into a binding agreement to arbitrate his claims in this case?

2. Does the arbitration provision require Plaintiff to arbitrate his claims?

3. Should the Court stay the entire action pending Plaintiff's arbitration?

DEFENDANT CREDIT ONE BANK, N.A.'S MOTION TO COMPEL ARBITRATION
CASE NO. 5:18-cv-05944-BLF
sf-3975323

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In December 2016, Plaintiff applied for and received a Credit One credit card. At that time, he entered an agreement to arbitrate all disputes related to his account with Credit One. Over two years later—at around the same time he and his current lawyer were filing suit against a different bank on a different theory (*see Foreman v. Bank of America*, No. 5:18-cv-01375-BLF (N.D. Cal. Mar. 2, 2018))—he accepted Credit One's offer to increase his credit limit and paid a fully disclosed charge for that additional credit.

Lacking an understanding of the governing law, Plaintiff and his counsel commenced this nationwide putative class action, alleging that the charge for the credit limit increase on his credit card account violated certain regulations applicable only to closed-end (e.g. mortgages) credit. (Complaint ("Compl.") ¶ 35 (citing "12 C.F.R. §§ 226.17-24 [sic]."[1]).)  Plaintiff apparently contends that any fee on an open-end plan must be disclosed in terms of an "annual percentage rate," but that is simply not true. *See* 12 C.F.R. § 1026.6(b)(2)(i) (requiring an APR disclosure only for certain items, such as purchases).

Fortunately, the Court need not resolve this "dispute." Plaintiff and Credit One entered into an agreement to arbitrate, at either party's election, "any controversy or dispute" related to their account relationship on an individual basis. Credit One hereby elects to arbitrate this dispute. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, requires Plaintiff to honor that agreement. There is no dispute that Plaintiff agreed to the contract upon which his claims are based and that Plaintiff's claims fall squarely within the scope of the arbitration agreement. The Court should grant Credit One's motion and compel arbitration of Plaintiff's claims.

## II.  FACTUAL BACKGROUND

### A.  Plaintiff Agreed to Arbitrate His Claims.

Plaintiff concedes that his credit card with Credit One is governed by the Bank's

---

[1] Almost 7 years ago, the Consumer Financial Protection Bureau renumbered Regulation Z. The Regulations have, since 2012, been found in 12 C.F.R. § 1026.

1   Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement
2   ("Cardholder Agreement"). Indeed, Plaintiff's claims are based on Credit One's assessment of
3   credit limit increase fees pursuant to the Cardholder Agreement, as well as Credit One's alleged
4   mischaracterization of that fee in the Cardholder Agreement. (Complaint ("Compl.") ¶ 2.)
5         Even without these judicial admissions, it cannot reasonably be disputed that Plaintiff
6   agreed to the terms of the Cardholder Agreement. On or about December 19, 2016, Plaintiff
7   visited Credit One's website of his own volition and signed up for a credit card. (Decl. of Gary
8   Harwood in Supp. of Def. Credit One Bank, N.A.'s Mot. to Compel Arbitration ("Harwood
9   Decl.") ¶ 3.) When he applied for his credit card, Plaintiff had the opportunity to review Credit
10  One's terms and conditions ("Terms and Conditions"), which provide that "any dispute between
11  you and us be submitted to mandatory, binding arbitration. Complete details will be in the
12  Agreement sent with your card." (*Id.*, Ex. A at 3.) Plaintiff's application was approved, and
13  Credit One mailed Plaintiff his credit card along with a copy of the Cardholder Agreement, which
14  governs Plaintiff's credit card account ("Account") and his relationship with Credit One. (*Id.* ¶¶
15  5-6; Ex. B.) Plaintiff agreed to the terms of the Cardholder Agreement "[b]y requesting and
16  receiving, signing or using [his] Card." (*Id.* at 2.) The Cardholder Agreement contains an
17  arbitration provision ("Arbitration Agreement"), which is prominently previewed in multiple
18  locations. First, the Terms and Conditions, which customers can view prior to submitting an
19  Account application, notify them that disputes will be resolved in accordance with the terms of
20  the Arbitration Agreement. (*Id.*, Ex. A at 3.) Then, the Cardholder Agreement itself highlights
21  the Arbitration Agreement by including it in the Cardholder Agreement's title and informing
22  customers again at the beginning: "**IMPORTANT NOTICE:** Please read the Arbitration
23  Agreement portion of this document for important information about your and our legal rights
24  under this Agreement." (*Id.*, Ex. B at 2.) Later, the Agreement again advises consumers about
25  the Arbitration Agreement: "**ARBITRATION AGREEMENT:** The Arbitration Agreement
26  provided to you with this Agreement governs the enforcement by you and us of your and our
27  legal rights under this Agreement. (*Id.* at 5.)
28        Then, in the body of the Cardholder Agreement, the text of the Arbitration Agreement

DEFENDANT CREDIT ONE BANK, N.A.'S MOTION TO COMPEL ARBITRATION
CASE NO. 5:18-cv-05944-BLF
sf-3975323

2

begins with the following admonition in bold and all capital letters:

> **PLEASE READ THIS ARBITRATION AGREEMENT OF YOUR CARD AGREEMENT CAREFULLY.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING...**

(*Id*. at 6.)  The Arbitration Agreement further provides that "[e]ither you or we may, *without the other's consent*, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration."  (*Id*. (emphasis added).)  The "Claims Covered" by the Arbitration Agreement include all of the following:

- Claims subject to arbitration include, but are not limited to, *disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your Account*; any disclosures or other documents or communications relating to your Account; any transactions or attempted transactions involving your Account, whether authorized or not; […]services or benefits programs relating to your Account, whether or not they are offered, introduced, sold or provided by us; advertisements, promotions, or oral or written statements related to (or preceding the opening of) your Account, goods or services financed under your Account, or the terms of financing; the application, enforceability or interpretation of the Card Agreement (except for this Arbitration Agreement); and any other matters relating to your Account, a prior related Account or the resulting relationship between you and us.  *Any questions about what Claims are subject to arbitration shall be resolved by interpreting this Arbitration Agreement in the broadest way the law will allow it to be enforced*.

- Claims subject to arbitration include Claims based on any theory of law, any contract, statute, regulation, ordinance, tort (including fraud or any intentional tort), common law, constitutional provision, respondeat superior, agency or other doctrine, concerning liability for other persons, custom or course of dealing or any other legal or equitable

ground (including any claim for injunctive or declaratory relief). Claims subject to arbitration include Claims based on any allegations of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship.

(*Id*. (emphasis added).)

In the "Procedures and Law Applicable in Arbitration" portion of the Arbitration Agreement, the Agreement provides that the "arbitrator will have the power to award to a party any damages or other relief provided for an individual claim under applicable law (including constitutional limits that would apply in court), and will not have the power to award relief to, against, or for the benefit of, any person who is not a party to the proceeding." (*Id*. at 7.)

### B. Credit One's Arbitration Agreement is Consumer Friendly and Cost Effective.

Credit One's Arbitration Agreement includes several features that ensure that customers have a simple, efficient, and fair means of resolving any disputes. For example, the party initiating arbitration may choose either the American Arbitration Association ("AAA") or JAMS, the arbitration must be commenced in the same city as the federal district court closest to the consumer's billing address, and customers retain the option to commence claims in small claims court. (Harwood Decl., Ex. B at 6-7.) Credit One will reimburse the initial filing fees in an arbitration the customer commences if the customer prevails. And, in the event of a hearing, Credit One will pay any arbitrator fees for the first day of the hearing. (*Id.* at 7.)

### C. The Arbitration Agreement Covers Plaintiff's Claims in the Current Action.

Plaintiff claims that in January 2018, he accepted a written offer from Credit One to increase his credit limit, for which he paid a fully disclosed Credit Limit Increase Fee ("Fee"). He thereafter filed this putative class action—nearly two years after entering into the Arbitration Agreement—on September 27, 2018, challenging the Fee. (Compl. ¶¶ 14-15.) Plaintiff does not dispute that Credit One is authorized to charge the Fee under the Cardholder Agreement (*id*. ¶ 3), but contends that Credit One deceptively fails to characterize the Fee as an interest charge that

1    exceeds the permissible interest rate limits imposed by California law.  (*Id*. ¶¶ 17, 47.)

2            Plaintiff asserts claims for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.
3    and Regulation Z, 12 C.F.R. § 226 *et seq*., and the California Unfair Competition Act ("UCL"),
4    Bus. & Prof. Code § 17200.  (*Id*. ¶¶ 34-51.)  The Arbitration Agreement explicitly covers
5    "[c]laims based on any theory of law, any contract, statute, regulation, ordinance, tort (including
6    fraud or any intentional tort), common law, constitutional provision, respondeat superior, agency
7    or other doctrine, concerning liability for other persons, custom or course of dealing or any other
8    legal or equitable ground (including any claim for injunctive or declaratory relief).  (Harwood
9    Decl., Ex. B at 6.)  Because all of Plaintiff's claims arise out of challenges to a fee assessed
10   pursuant to Cardholder Agreement, and the Arbitration Agreement covers "any controversy or
11   dispute between you and us," which include "disputes relating to the establishment, terms,
12   treatment, operation, handling, limitations on or termination of your Account," the Arbitration
13   Agreement encompasses Plaintiff's claims.  (*Id*., Ex. B at 6.)

14   ### III.   LEGAL STANDARD

15           The FAA governs the enforceability of the Arbitration Agreement.  The Agreement itself
16   so provides  (*Id*., Ex. B at 6 ("[t]his Arbitration Agreement is made pursuant to a transaction
17   involving interstate commerce, and shall be governed by, and enforceable under, the [FAA]") and
18   the relevant banking transactions, in fact, involve interstate commerce.  *See* 9 U.S.C. §§ 1-2;
19   *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274-77 (1995) (interpreting the FAA's
20   "involving commerce" provision as broadly as the phrase "affecting commerce"; the FAA should
21   be applied with the full reach of Congress's powers under the Commerce Clause).  Courts
22   routinely recognize the "important interstate attributes" involved in banking activities.  *See*
23   *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56-58 (2003) (noting that the individual transaction
24   at issue need not have "any specific effect upon interstate commerce" to meet this requirement);
25   *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1055 (9th Cir. 2013) (applying FAA to
26   arbitration clause in credit card agreement between bank and consumer); *Ackerberg v. Citicorp*
27   *USA, Inc.*, 898 F. Supp. 2d 1172, 1174-75 (N.D. Cal. 2012) (same).

28           The FAA reflects a liberal federal policy favoring arbitration, and requires that arbitration

agreements be rigorously enforced. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). "[T]he FAA's purpose is to give preference (instead of mere equality) to arbitration provisions." *Mortensen v. Bresnan Commc'ns LLC*, 722 F.3d 1151, 1160 (9th Cir. 2013). Thus, "courts must 'rigorously enforce' arbitration agreements according to their terms, including terms that 'specify with whom [the parties] choose to arbitrate their disputes,' and 'the rules under which that arbitration will be conducted.'" *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (emphasis and internal citation omitted); *see Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("Not only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures."). "As arbitration is favored, those parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable." *Mortensen*, 722 F.3d at 1157 (citing *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000)).

"A court may consider evidence beyond the complaint in ruling on a motion to compel arbitration." *Wright v. Sirius XM Radio, Inc.*, No. SACV 16-10688 JVX (JCGx), 2017 WL 4676580, at *4 (C.D. Cal. June 1, 2017) (citing *Guadagno v. E*Trade Bank*, 592 F. Supp. 1263, 1266-69 (C.D. Cal. 2008)).

### IV. ARGUMENT

Under the FAA, the Court's role is limited to determining two issues: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *See Geier v. m-Qube Inc.*, 824 F.3d 797, 799 (9th Cir. 2016) (per curiam); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002). Both of these factors are satisfied here.

#### A. Plaintiff Entered Into a Valid Agreement to Arbitrate.

There can be no dispute that in applying for and using his credit card, Plaintiff accepted the terms of the Cardholder Agreement, and thereby agreed to arbitrate his disputes with Credit One. (Harwood Decl., Ex. B at 2.) Courts routinely enforce cardholder agreements where the parties' conduct indicates their consent to the terms governing the account to which they had actual or constructive notice. *See, e.g. Bellows v. Midland Credit Mgmt.*, No. 09CV1951-LAB (WMc), 2011 WL 1691323, at *1 (S.D. Cal. May 4, 2011) (finding plaintiff entered into the

cardmember agreement, including the arbitration provision, by using his credit card); *Carmack v. Chase Manhattan Bank (USA)*, 521 F. Supp. 2d 1017, 1027 (N.D. Cal. 2007) ("[P]laintiff accepted the terms in Chase Manhattan Bank's cardmember agreement, including a binding arbitration clause, when she began using her credit card.").

There is no dispute regarding assent here. Plaintiff, of his own volition, applied for a credit card with Credit One. (Harwood Decl. ¶ 3.) At the time he applied, Credit One made its Terms and Conditions available to Plaintiff, which state that credit card accounts are subject to an arbitration agreement. (*Id*. ¶ 4, Ex. A at 3.) Then, when his credit card was mailed to him, Plaintiff received a copy of the Cardholder Agreement in the same envelope, which provided clear notice to Plaintiff of the Cardholder Agreement and that use of his credit card would constitute his consent to it. (*Id*., Ex. B at 2.) Plaintiff's consent to the Cardholder Agreement is also demonstrated by his continued use of his credit card. *See Amirhamzeh v. Wells Fargo Bank, N.A.*, No. 14-CV-02123-VC, 2014 WL 12610227, at *1 (N.D. Cal. Oct. 31, 2014) (plaintiff agreed to arbitration agreement in terms and conditions received after enrolling in service by continuing to use the service after receipt of terms). Thus, Plaintiff is bound by the Arbitration Agreement.

### B.     Plaintiff's Claims are Covered by the Arbitration Agreement.

The FAA requires that courts compel arbitration "unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (emphasis added) (citation omitted). As a matter of federal law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).)

The Arbitration Agreement here permits Credit One (or Plaintiff) to elect to arbitrate "any controversy or dispute between you and us," which include "disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your Account," (Harwood Decl., Ex. B at 6.) Covered claims also include those "[c]laims based on

any theory of law, any contract, statute, [or] regulation …" (*Id.*) Moreover, the Agreement expressly provides that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this Arbitration Agreement in the broadest way the law will allow it to be enforced." (*Id.*)

Plaintiff's claims here arise in connection with the Credit Limit Increase Fee assessed when Plaintiff accepted the Bank's offer to increase his credit line.  These claims are predicated on the theory that the Credit Limit Increase Fee constitutes unlawful interest and that Credit One deceptively refers to this alleged interest charge as a flat fee to deceive customers.  (Compl. ¶¶ 6-7.)  The Fee was charged pursuant the Cardholder Agreement and could not have occurred but for Plaintiff's relationship with Credit One arising from that Agreement.  (Harwood Decl., Ex. B at 3, 4.)  Thus, there can be no legitimate dispute that Plaintiff's claims fall squarely within the scope of the Arbitration Agreement.

### C. The Arbitration Agreement is Not Unconscionable.

Plaintiff cannot avoid the Arbitration Agreement he entered into with Credit One by claiming that the agreement is unconscionable.  The Cardholder Agreement is "governed by and interpreted in accordance with the laws applicable to national banks, and where no such laws apply, by the laws of the State of Nevada, excluding the conflicts of law provisions thereof, regardless of your state of residence." (*Id.*, Ex. B at 5.)  Nevada law requires both procedural and substantive unconscionability to invalidate a contract as unconscionable.  *U.S. Home Corp. v. Michael Ballesteros Tr.*, 415 P.3d 32, 40-41 (Nev. 2018) (citing *Burch v. Second Judicial Dist. Ct.*, 49 P.3d 647, 650 (2002) ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable.")).  Credit One's Arbitration Agreement is consumer friendly and cost effective, and Plaintiff cannot meet his burden.

The Arbitration Agreement is not procedurally unconscionable because Plaintiff was not surprised by it, and Credit One is under no obligation to highlight the terms of the Arbitration Agreement.  *U.S. Home Corp.*, 415 P.3d at 40-41 (rejecting requirement that an arbitration clause must be more conspicuous than other contract provisions).  Even so, Plaintiff was alerted to the

1   Arbitration Agreement multiple times: first, in Terms and Conditions available during the online
2   credit card application process and then again when he received the Cardholder Agreement in its
3   entirety in the same envelope as his credit card.  (Harwood Decl. ¶¶ 4, 6.)  The Arbitration
4   Agreement is written in plain English and is conspicuously displayed in the same size font as the
5   rest of the agreement and under the large heading "Arbitration Agreement"—not hidden or written
6   in fine print.  (*Id*., Ex. B at 6); *U.S. Home Corp.*, 415 P.3d at 41 (no procedural unconscionability
7   where "the arbitration provision is in the same size font as the other provisions").  Under this
8   heading, the Agreement clearly states that: "either you or we can require that any controversy or
9   dispute be resolved by binding arbitration . . . ."  (Harwood Decl., Ex. B at 6.)

10          The Arbitration Agreement is also not substantively unconscionable.  "[A] contract is
11  unconscionable only when the clauses of that contract and the circumstances existing at the time
12  of the execution of the contract are so one-sided as to oppress or unfairly surprise an innocent
13  party."  *Bill Stremmel Motors, Inc. v. IDS Leasing Corp*., 514 P.2d 654, 657 (Nev. 1973).  Far
14  from being one-sided, the Arbitration Agreement is bilateral and safeguards Plaintiff's ability to
15  pursue a small claims action or an individual arbitration.  (Harwood Decl., Ex. B at 6.)  It also
16  includes cost terms that benefit the consumer.  Credit One has agreed to pay any of the fees of the
17  arbitrator and arbitration administrator for the first day of any hearing and to reimburse the
18  customer's share of the filing fee where he or she prevails.  (*Id.*)  And, Plaintiff is not faced with
19  significant travel expenses because Credit One has agreed to conduct the arbitration in the same
20  city as the U.S. District Court closest to Plaintiff's billing address.  (*Id.*)  These provisions defeat
21  any claimed unconsionability.  *See, e.g.*, *Augustine v. TLC Resorts Vacation Club, LLC*, No.
22  3:18-cv-01120-H-JMA, 2018 WL 3913923, at *7 (S.D. Cal. Aug. 16, 2018) (rejecting
23  unconscionability challenge even where the arbitration provision required the individual to
24  arbitrate out-of-state noting that "mere inconvenience and expense" are insufficient to establish
25  substantive unconscionability).  Accordingly, a valid arbitration agreement exists between
26  Plaintiff and Credit One.  Indeed, district courts have consistently found that Credit One's
27  arbitration clause is valid and enforceable and have ordered the parties to arbitrate their claims.
28  *See, e.g., Croucier v. Credit One Bank, N.A.*, No. 18cv20-MMA (JMA), 2018 WL 2836889, at *5

DEFENDANT CREDIT ONE BANK, N.A.'S MOTION TO COMPEL ARBITRATION
CASE NO. 5:18-cv-05944-BLF
sf-3975323

9

(S.D. Cal. June 11, 2018); *Kimberly Garrett v. Credit One Bank*, No. 2:15-cv-08865-RSWL-PLA (C.D. Cal. Feb. 29, 2016), ECF No. 20; *Bibee v. Credit One Bank*, No. 3-15-0734, 2015 WL 5178700, at *2 (M.D. Tenn. Sept. 4, 2015); *Beattie v. Credit One Bank*, No. 5:15-CV-1315 (LEK/TWD), 2016 WL 4203511 (N.D.N.Y. Aug. 9, 2016); *Youssofi v. Credit One Fin.*, No. 15-cv-01764-AJB-RBB (S.D. Cal. July 7, 2016), ECF No. 27; *Boule v. Credit One Bank*, No. 15-cv-8562(RJS), 2016 WL 3015251 (S.D.N.Y. May 11, 2016); *Bridge v. Credit One Fin.*, No. 2:14-cv-1512-LDG-NJK, 2016 WL 1298712 (D. Nev. Mar. 31, 2016).

### V.   THE ACTION SHOULD BE STAYED PENDING THE COMPLETION OF INDIVIDUAL ARBITRATION.

Courts are required to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Rep. of Nicar. v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991) (emphasis in original) (citation omitted). Here, Plaintiff entered into a valid and binding Arbitration Agreement in December 2016, and this Arbitration Agreement covers Plaintiff's claims. Binding precedent compels the Court to direct Plaintiff to resolve this dispute in individual arbitration. The Court should stay this case pending the completion of arbitration. *See Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF, 2018 WL 4334770, at *8 (N.D. Cal. Sept. 11, 2018) (Freeman, J.).

### VI.   CONCLUSION

The Court should order Plaintiff to arbitrate his individual claims against Credit One and stay the action pending the completion of arbitration.

Dated: January 10, 2019

JAMES R. MCGUIRE
CLAIRE C. BONELLI
MORRISON & FOERSTER LLP

By:  */s/ James McGuire*
       JAMES R. MCGUIRE

Attorneys for Defendant
CREDIT ONE BANK, N.A.